IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN F. WINKELMAN, Jr., )
 )
        Petitioner, )
 ) Civil Action No. 11-159E
vs. )
 ) Judge Sean McLaughlin/
ARCHIE B. LONGLEY, Warden, ) Magistrate Judge Maureen P. Kelly
 )
        Respondent. )

**REPORT AND RECOMMENDATION**

**I.  RECOMMENDATION**

It is respectfully recommended that the Petition for Writ of Habeas Corpus, Pursuant to 28 U.S.C. § 2241, (the "Petition"), ECF No. 3, be dismissed prior to being served because on its face it appears that Petitioner is not entitled to relief under Section 2241.

**II.  REPORT**

John F. Winkelman, Jr. ("Petitioner") is currently incarcerated at the Federal Correctional Institution – McKean ("FCI-McKean"), which is located within this judicial district.  He is serving a life sentence for drug and firearms convictions imposed in 2003 by the United States District Court for the Middle District of Pennsylvania.  Petitioner has filed a Section 2241 Petition.  ECF No. 3.  In that Petition, he seeks to challenge the validity of his convictions based on "newly presented evidence."  The Petition should be dismissed prior to being served because it is an attempt by Petitioner to improperly utilize a Section 2241 petition to substitute for a Section 2255 motion.

1

A.      RULE 4

Rule 4 of the Rules Governing Section 2255 Cases in the United States District Courts provides, in relevant part, that:

> If it plainly appears from the motion, and any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

"Courts have used Rule 4 of the habeas corpus rules to summarily dismiss facially insufficient habeas petitions brought under § 2241[.]" Perez v. Hemingway, 157 F.Supp.2d 790, 795 (E.D. Mich. 2001). Accord United States v. Recinos-Gallegos, 151 F.Supp.2d 659 (D.Md. 2001). See also Castillo v. Pratt, 162 F.Supp.2d 575, 577 (N.D. Tex. 2001) ("The Supreme Court intended the 2254 Rules to apply to petitions filed under § 2241. See Rule 1(b) of the 2254 Rules").

In deciding the Petition in this case, this Court takes judicial notice of the dockets and filings in the United States District Court for the Middle District of Pennsylvania and judicial notice of records in the United States Court of Appeals for the Third Circuit.

In accordance with Rule 4, this Court may dismiss the Petition if it plainly appears on its face that Petitioner is not entitled to relief. Based on this Court's review, it plainly appears from the face of the instant Petition that Petitioner's claims are not jurisdictionally appropriate under Section 2241 and hence, he is not entitled to relief.

B.      FACTUAL AND PROCEDURAL HISTORY

On September 25, 2001, Petitioner was charged in the United States District Court for the Middle District of Pennsylvania with multiple counts of drug and firearms crimes. U.S.A. v. John Winkelman, No. 4:01-cr-00304 (M.D. Pa.). The two counts at issue presently are Counts One and Thirteen of the Third Superseding Indictment. Id. (Third Superseding Indictment, ECF No. 621, 4/10/2003). According to Petitioner, the Third Superseding Indictment charged the

two counts as follows:

> Count One: Conspiracy charge – that from on or about January 1, 1986 up until October 1, 2001, the Petitioner conspired with others, to possess with intent to distribute and did distribute in excess of five kilograms of cocaine, a schedule II controlled substance, in violation of 21 U.S.C. § 846. This Count charged a single continuing conspiracy, starting in 1986 and ending in 2001;
>
> . . . .
>
> Count Thirteen: On or about January 1, 1986, up to October 1, 2001, in the Middle District of Pennsylvania, the defendant John F. Winkelman, Jr., knowingly used, carried and possessed firearms during and in relation to and in furtherance of a drug trafficking crime, to wit: Conspiracy to possess with intent to distribute and distribution of cocaine and marijuana, in violation of 21 U.S.C. § 924 (c) (1)[.]

ECF No. 3 at 9 to 10.

On June 18, 2003, a jury in the Middle District of Pennsylvania found Petitioner guilty of seven counts related to narcotics trafficking, including Counts One and Thirteen of the Third Superseding Indictment. On December 12, 2003, the United States District Court for the Middle District of Pennsylvania ("the Sentencing Court") sentenced John Winkelman, Jr., to imprisonment for the remainder of his natural life.

Following his conviction, Petitioner commenced a series of appeals. On May 18, 2006, the United States Court of Appeals for the Third Circuit ("the Court of Appeals") affirmed Petitioner's conviction and sentence. On February 23, 2007, Petitioner filed a motion and supporting brief under 28 U.S.C. § 2255 in the Sentencing Court. On March 10, 2008, the Sentencing Court denied Petitioner's Section 2255 motion. U.S. v. Winkelman, 548 F.Supp.2d 142 (M.D. Pa. 2008). The Court of Appeals affirmed the Sentencing Court's denial of relief on July 10, 2008. On December 12, 2009, Petitioner filed in the Court of Appeals a motion pursuant to 28 U.S.C. § 2244, seeking permission to file a second or successive Section 2255 motion, "on the very issues that are presented herein," in this Section 2241 petition. ECF No. 3

at 8. The Court of Appeals denied Petitioner leave to file a second or successive Section 2255 motion on January 7, 2010 because "Petitioner has failed to make a prima facie showing that his new claims rest on a new rule of constitutional law or newly discovered evidence that, if proven, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of his underlying offenses. See 28 U.S.C. §§ 2244(b)(2) & 2255(h)." In Re: John F. Winkelman, Jr., C.A. No. 09-4736 (3d Cir. Jan. 7, 2010).

On August 4, 2011, Petitioner, proceeding *pro se*, filed this Section 2241 Petition, ECF No. 3, purporting to be a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, and a Memorandum of Law, ECF No. 4. By means of the Section 2241 Petition, he seeks to attack, not the execution of his sentence, but the validity of his convictions on Counts One and Thirteen, obtained in the Sentencing Court.

### C. DISCUSSION

Petitioner essentially raises two issues in the Petition: 1) that he is actually innocent of Counts One and Thirteen of the Third Superseding indictment, and 2) his prosecution on these two counts was barred by the five year statute of limitations. ECF No. 3 at 10 to 11.

#### 1. Section 2241 vs. Section 2255

Petitioner seeks to attack the validity of his convictions on these two counts. However, as a general rule, attacks by federal convicts on the validity of the conviction and/or on the validity of the sentence, as imposed (in contrast to a challenge to the sentence as administered), are properly brought under a Section 2255 motion in the federal district court where the federal prisoner was convicted and sentenced. In re Nwanze, 242 F.3d 521, 523 (3d Cir. 2001) ("[O]rdinarily a petitioner should advance a challenge to a conviction and sentence through the means of a motion under section 2255 in the sentencing court.").

4

In contrast, as a general rule, a petition under Section 2241 is properly brought where the federal convict is seeking to challenge the carrying out or the execution of his sentence (e.g., the calculation of good time credits, the running of the sentence, the calculation of the ending date, etc.) and is filed in the federal court of the judicial district where the federal convict is then incarcerated. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Bennet v. Soto, 850 F.2d 161 (3d Cir. 1988), superseded by statute on other grounds as recognized by, Callwood v. Enos, 230 F.3d 627 (3d Cir. 2000); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). This is only a general rule and there are instances where a Section 2241 petition which attacks the validity of the conviction, as Petitioner herein does, and/or attacks the sentence as imposed, may properly be brought. However, a Section 2241 Petition, which attacks the validity of the conviction and/or the validity of the sentence as imposed may only be brought after it has been shown that Section 2255 is an inadequate or ineffective remedy. See 28 U.S.C. § 2255 (5th paragraph); In re Dorsainvil, 119 F.3d 245, 247 (3d Cir. 1997).

The statutory provisions governing this case provides in pertinent part that

> [a]n application for a writ of habeas corpus [i.e., a Section 2241 petition[1]] in behalf of a prisoner who is authorized to apply for relief by motion [i.e., Section 2255 motion] pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

---

[1] Alamin v. Gerlinski, 30 F.Supp.2d 464, 467 (M.D. Pa. 1998) (construing the language "application for a writ of habeas corpus" to mean a Section 2241 petition, noting that the above quoted passage "allows the filing of a habeas (i.e., a 2241) petition when relief under section 2255 'is inadequate or ineffective to test the legality of [the] detention.'"); United States v. Barrett, 178 F.3d 34, 49 (1st Cir. 1999) (describing this quoted passage as "the limitation on the use of § 2241 petitions by federal prisoners that is set forth in § 2255").

28 U.S.C. § 2255.[2]  Thus, before federal convicts can avail themselves of a Section 2241 petition in order to attack the validity of their conviction and/or the sentence, as imposed, they must show that section 2255 is inadequate or ineffective.  Pack v. Yussuf, 218 F.3d 448, 452 (5th Cir. 2000) ("Accordingly, a section 2241 petition that seeks to challenge a federal sentence or conviction–thereby effectively acting as a section 2255 motion–may only be entertained when the petitioner establishes that the remedy provided for under section 2255 is inadequate or ineffective.") (citations omitted).  It is the burden of the Petitioner to prove that a motion under Section 2255 is inadequate or ineffective.  Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) ("It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective.")(per curiam).  Here, Petitioner has not met the requisite burden.

> **(a) Petitioner cannot meet the Section 2255(h) gatekeeping requirements but this is not sufficient to justify using a Section 2241 petition to attack the conviction.**

Petitioner cannot meet the gatekeeping requirements of Section 2255(h)[3] and, therefore

---

[2] This passage which permits an attack on the conviction or on the sentence, as imposed, via a Section 2241 petition where a Section 2255 motion would be inadequate or ineffective is commonly referred to as the "savings clause."  Pack v. Yussuf, 218 F.3d 448, 452 (5th Cir. 2000), or as the "safety valve." United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000).

[3] The gate keeping provision is found in 28 U.S.C. Section 2255(h) as follows:

(h) A second or successive motion must be certified as provided in section 2244
by a panel of the appropriate court of appeals to contain--
    (1) newly discovered evidence that, if proven and viewed in light
    of the evidence as a whole, would be sufficient to establish by
    clear and convincing evidence that no reasonable factfinder would
    have found the movant guilty of the offense; or
    (2) a new rule of constitutional law, made retroactive to cases on
    collateral review by the Supreme Court, that was previously
    unavailable.

cannot file another Section 2255 motion because the Court of Appeals has already rejected Petitioner's request for permission to file a second or successive Section 2255 motion. In re John F. Winkelman, Jr., C.A. No. 11-2055 (3d Cir. 5/5/2011).

However, just because Petitioner cannot meet the gatekeeping requirements, does not mean that he has established the inadequacy of the Section 2255 motion. In re Dorsainvil, 119 F.3d at 251 ("We do not suggest that § 2255 would be 'inadequate or ineffective' so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255." ); Pack v. Yussuf, 218 F.3d at 453 ("a section 2255 motion cannot become 'inadequate or ineffective,' thus permitting the use of [section] 2241, merely because a petitioner cannot meet the AEDPA second or successive requirements. To hold otherwise would flout Congress's obvious intent to give meaning to these procedural requirements. A ruling that the section 2255 remedy was inadequate or ineffective, such that a petitioner could invoke section 2241, simply because the petitioner's prior section 2255 motion was unsuccessful, or barred, or because he could not file another motion, would render those procedural requirements a nullity and defy Congress's clear attempt to limit successive habeas petitions.") (internal quotations and citations omitted); Atkinson v. Zickefoose, __ F.App'x __, __, 2011 WL 3906710 at *1 (3d Cir. Sept. 7, 2011) ("The 'inadequate or ineffective' exception is narrow, and does not apply simply because a petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255."); Charles v. Chandler, 180 F.3d 753, 755 (6th Cir. 1999). Although showing that one cannot pass through the gatekeeping requirements may not be a sufficient condition in order to show Section 2255 is inadequate or ineffective, it would appear to be a necessary condition to establishing such, otherwise, if one

7

can pass through the gatekeeping requirements, then one can bring a second or successive Section 2255 motion and there would be no need to attempt to bring a Section 2241 petition, except, perhaps, in order to avoid the other restrictive provisions of Section 2255, such as, the one year statute of limitations. Here, Petitioner has met that hurdle, insofar as he has been denied leave to file a second or successive Section 2255 motion by the Court of Appeals. This is not sufficient though.

### (b) <u>Dorsainvil</u> requires actual innocence plus no prior opportunity to have raised the actual innocence claim.

The Court of Appeals, in the landmark case of <u>In re Dorsainvil</u>, 119 F.3d 245, 247 (3d Cir. 1997), explained what more is required in order to show that a Section 2255 motion is inadequate or ineffective so as to utilize a Section 2241 petition in order to attack the validity of a conviction. In order to show a Section 2255 motion is inadequate or ineffective so as to permit using a Section 2241 petition to attack the validity of a conviction, <u>Dorsainvil</u> requires petitioners to prove that: 1) they are actually innocent of the crimes and 2) they had no prior opportunity to make the showing that they are actually innocent. See <u>Pollard v. Yost</u>, 406 F.App'x 635, 637 (3d Cir. 2011), *cert. den.*, 131 S.Ct. 3080 (June 27, 2011) (in order to come within the <u>Dorsainvil</u> exception, there must be not only a claim of actual innocence but a "claim of actual innocence coupled with the inability to have brought the claim before because of a change in the construction of the criminal statute by a court having the last word on the proper construction of the statute[,]" which change rendered what had been thought to be criminal within the ambit of the statute, no longer criminal). See also <u>Walker v. Williamson</u>, 235 F.App'x 888, 889 (3d Cir. 2007) ("Further, the 'safety valve' by which a prisoner may bypass § 2255 when it is 'inadequate or ineffective to test the legality of his detention,' is extremely

8

narrow and applies to the unusual situation in which a prisoner had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in law. *See Okereke*, 307 F.3d at 120 (*citing In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997)). Such is not the case here."). While this seems to be the narrow rule established in <u>Dorsainvil</u>, i.e., one who brings such a claim of actual innocence based on an intervening change of the law which occurred after a Section 2255 has been decided or the time for filing such has run out, has established the inadequacy of Section 2255, <u>Dorsainvil</u> does not answer the question of whether this is the **only** kind of claim of actual innocence that so establishes the inadequacy of Section 2255. <u>Dorsainvil</u>, 119 F.3d at 252 ("Our holding that in this circumstance § 2255 is inadequate or ineffective is therefore a narrow one. In the posture of the case before us, we need go no further to consider the other situations, if any, in which the 'inadequate or ineffective' language of § 2255 may be applicable.").

    **2.**    **Petitioner fails to show that he comes within <u>Dorsainvil</u>.**

We find that Petitioner's arguments fail to bring him within the rationale underlying <u>Dorsainvil</u>. Petitioner's arguments fail under both the "inability to previously bring the claim" test of <u>Dorsainvil</u> as well as the "actual innocence" test of <u>Dorsainvil</u>.

    **(a) Petitioner fails to show that he could not have previously raised the claims.**

While Petitioner is now claiming that he recently discovered evidence to prove his actual innocence, and so he was previously unable to bring this claim, the allegedly newly discovered evidence of the conviction and incarceration of Joe Marino is the very same "new evidence" Petitioner supplied to the Court of Appeals in his Section 2244 petition for leave to file a second or successive Section 2255 Motion pursuant to 28 U.S.C. § 2255(h). <u>Compare</u> ECF No. 3 at 13

(alleging new evidence in support of the Section 2241 petition and pointing to Exhibit 3 which is a printout from Lycoming County Court of Common Pleas regarding convictions of Joseph Marino occurring in October 1991) with In re John F. Winkelman, Jr., C.A. No. 11-2055 (3d Cir. Section 2244 petition filed 4/27/2011 at p. 4 & Appendix Volume 1 at 22 (which is the exact same printout from Lycoming County Court of Common Pleas regarding convictions of Joseph Marino occurring in October 1991 as contained in the Section 2241 petition which Petitioner claimed was newly discovered evidence before the Court of Appeals in his Section 2244 petition)). The Court of Appeals rejected Petitioner's request to file a second or successive Section 2255 motion finding that Petitioner's purported newly found evidence of Joseph Marino's convictions in 1991 did not constitute "previously unavailable factual predicates" within the contemplation of 28 U.S.C. § 2244(b)(2). To the extent that Petitioner now in his Section 2241 Petition seeks to rely on the "newly discovered" evidence of Joseph Marino's 1991 convictions, we find that he is foreclosed from doing so because the Court of Appeals has already found, in essence, that this so-called newly discovered evidence was not, in fact, newly discovered because it was not "previously unavailable." In other words, Petitioner, could have brought this claim previously, had he or his counsel exercised due diligence. Thus, we reject Petitioner's claim that he has established his actual innocence of the conspiracy conviction (Count One) with this so-called new evidence because it is in fact, not "new evidence." In other words, he failed to show that he was previously unable to bring this claim in a Section 2255 motion and thereby fails to come within the Dorsainvil exception.

**(b)    No actual innocence of Count One/the Conspiracy Charge.**

Alternatively, even if the evidence could be deemed "newly discovered" it does not establish that Petitioner is innocent of conspiring with Marino to distribute narcotics. Petitioner is

not actually innocent of the crime of conspiracy because there is nothing inherent in the incarceration of Joseph Marino that would render it impossible for Petitioner to conspire with Marino to cause narcotics to be distributed even while Marino was incarcerated. Hence, the mere fact of incarceration does nothing to render conspiracy to deal drugs impossible, as Petitioner seemingly contends.

Petitioner also argues that the five year statute of limitations barred his prosecution for the conspiracy charge (Count One) and the firearms charge (Count Thirteen), seemingly arguing that this alleged violation of the statute of limitations by the prosecution establishes Petitioner's actual innocence of the crimes. See, e.g., ECF No. 3 at 17 ("By the evidence that Petitioner has provided, thus far, shows that the Petitioner is actually and factually, and pursuant to the five (5) year statute of limitations for bringing an indictment on a non capital offense, innocent of the Conspiracy charge in Count One. . ."). We do not find that a statute of limitations argument is sufficient to bring Petitioner within the Dorsainvil exception nor to otherwise establish the inadequacy of a Section 2255 motion so as to permit Petitioner to proceed by way of a Section 2241 petition to attack the validity of his convictions for conspiracy and firearms violations. A claim that the prosecution is barred from prosecuting him because of the statute of limitations on a given crime is patently not the kind of claim that establishes Petitioner's "actual innocence" of the crimes for which he was convicted. Accordingly, this statute of limitations claim does not allow the Section 2241 petition to do service for the Section 2255 motion.

Alternatively, Petitioner utterly fails to explain why he could not have previously raised this statute of limitations defense, and so he fails the "no ability to previously bring the claim test" of Dorsainvil.

**(c)     No actual innocence of Count Thirteen/the Firearms Charge.**

We turn next to Petitioner's second claim. Insofar as Petitioner argues that he did not use or carry a gun in furtherance of a drug crime in violation of 18 U.S.C. §924(c),[4] and so he is actually innocent of Count 13, we are unpersuaded. See ECF No. 3 at 24 to 25. This argument is based on the alleged "fact" that Petitioner is actually innocent of the one continuous ongoing conspiracy to deal in drugs as charged in Count One, because that is the predicate offense for which he is alleged to have carried/used a gun. Petitioner's logic is if he were actually innocent of Count One, it would be impossible for him to be guilty of Count Thirteen, which charged that throughout the "non-existent" single, ongoing conspiracy charged in Count One, Petitioner used, carried or possessed a firearm in furtherance of the conspiracy to deal drugs. Having already rejected his premise that he is actually innocent of Count One, we likewise reject his argument, (dependent as it is on establishing actual innocence of Count One) that he is actually innocent of Count Thirteen.

In an apparent last ditch effort to bring himself within the Dorsainvil exception, Petitioner argues that the jury found him guilty of Count Thirteen because they must have found that he traded drugs in order to obtain guns, since the trial judge allegedly instructed the jury that trading drugs to obtain guns constitutes "use" of a firearm and the prosecution argued such to the jury in its closing. ECF No. 3 at 26. Petitioner claims that in 2007, the United States Supreme Court

---

4 18 U.S.C. § 924(c)(1)(A) provides in relevant part as follows:

> any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime [be subject to certain minimum
>
> footnote continued

held that trading drugs in order to obtain firearms does not violate the "use" section of 18 U.S.C. § 924(c). Although he does not reference the case name in the Section 2241 petition, we believe Petitioner is invoking Watson v. U.S., 552 U.S. 74 (2007).

In the Watson case, the question presented was whether a criminal who trades his drugs in order to obtain a gun, "uses" a firearm during and in relation to a drug trafficking crime within the meaning of Section 924(c)(1)(A). The Court in in Watson answered that question "no". However, in 1993, the Court answered the converse of that question differently in the case of Smith v. United States, 508 U.S. 223 (1993). In the Smith case, the Court held that a criminal who trades his firearm in order to obtain drugs "uses" the firearm during and in relation to a drug trafficking offense within the meaning of Section 924(c). Watson, 552 U.S. at 76 ("*Smith v. United States*, 508 U.S. 223, 113 S.Ct. 2050, 124 L.Ed.2d 138 (1993) raised the converse of today's question, and held that 'a criminal who trades his firearm for drugs uses it during and in relation to a drug trafficking offense within the meaning of § 924(c)(1).'") (some internal quotations omitted). In neither of these two cases however, was the Court confronted with the question of whether one who trades guns in order to obtain drugs or one who trades drugs in order to obtain guns "possesses" (as opposed to "uses") a "firearm" "in furtherance of" a "drug trafficking crime" within the meaning of Section 924(c).

Instantly, Petitioner contends that he was allegedly found guilty of trading his drugs in order to obtain a firearm, in violation of Watson. See ECF No. 3 at 26 ("The Supreme Court held in 2007 that trading drugs for firearms, does not violate the use section of § 924(c)."). The trouble with Petitioner's argument is that under the statute and under the Third Superseding

---

sentences as specified hereinafter.]

Indictment, "use" of a firearm is only one of three possible grounds for the jury's finding Petitioner guilty of violating Section 924(c); the other two possible grounds are either Petitioner's "carrying of" or "possessing" a firearm in furtherance of a drug trafficking crime. Petitioner fails to establish his actual innocence of at least the "possessing" a firearm in furtherance of a drug trafficking crime. Accordingly, he also fails to establish his actual innocence of a crime that the jury could have convicted him of, and for all that the record shows, did convict him of.

Petitioner contends that the judge at his criminal trial instructed the jury, and the prosecution contended in their closing argument, that Petitioner could be found guilty of violating Section 924(c) by merely trading drugs in order to obtain guns. ECF No. 3 at 25 and ECF No. 4 at 9. Even if Petitioner is correct that the judge incorrectly instructed the jury and the prosecution incorrectly stated in its closing that Petitioner could be found guilty of "use" of a firearm if Petitioner simply traded his drugs in order to obtain firearms, Petitioner would still not be entitled to attack his conviction via this Section 2241 petition because he fails to prove that he is actually innocent of "possessing a firearm" in furtherance of a drug trafficking crime, as he was charged with in Count Thirteen, by virtue of his trading drugs in order to obtain guns. We note that Petitioner was charged not only with "use" of a firearm but also "possession" of a firearm in Count Thirteen. Petitioner fails to show that trading drugs in order to obtain guns (assuming without deciding that this was in fact what the evidence adduced at trial established, rather than establishing that Petitioner traded guns in order to obtain drugs which would in fact violate Section 924(c) according to Smith v. U.S.) does not violate the "possession" prong of the statute. See, e.g., United States v. Gardner, 602 F.3d 97, 101-02 (2d Cir. 2010) (trading drugs in order to obtain guns violates the "possession" prong of 924(c)); United States v. Manuel,

Crim.A. No. 07-177, 2008 WL 64532, at *2 n.3 (E.D.Pa., Jan. 4, 2008) ("Defendant attempts to muddy the waters by citing by analogy to cases [i.e., Watson and Bailey] concerning the 'use' and 'carry' prongs of § 924(c). These cases are inapposite because they do not discuss the 'possession' prong"); U.S. v. Campbell, NO. 07-20983-CR , 2008 WL 202747, at *2 (S.D.Fla. Jan. 23, 2008) (holding that Watson and Bailey are not applicable to the "possession" prong of 18 U.S.C. § 924(c)(1)(A)). At Petitioner's trial, the prosecution in its closing to the jury even argued that "[b]artering or trading a gun is a use, or carrying it, **possessing**, that's active employment." ECF No. 4-2 at 31, lines 10 to 11 (emphasis added). Hence, the jury had before them the option of convicting Petitioner for "possessing" a gun in furtherance of a drug trafficking crime.

Indeed, it is Petitioner's burden at this stage of the proceedings, to show that the jury did not and could not find he possessed a firearm in furtherance of a drug trafficking crime such that he violated Section 924(c) and this is because a judgment of conviction carries with it a presumption of regularity in federal court. Parke v. Raley, 506 U.S. 20, 31 (1992) ("even when a collateral attack on a final conviction rests on constitutional grounds, the presumption of regularity that attaches to final judgments makes it appropriate to assign a proof burden to the defendant."); Meyers v. Gillis, 93 F.3d 1147, 1151 (3d Cir. 1996) ("On collateral attack. . . ., the state receives the presumption of regularity and all reasonable inferences.") (quoting Higgason v. Clark, 984 F.2d 203, 208 (7th Cir. 1993)); Sandoval v. Tinsley, 338 F.2d 48, 50 (10th Cir. 1964); Schlette v. California, 284 F.2d 827, 833-34 (9th Cir. 1960) ("A conviction after public trial in a state court by verdict or plea of guilty places the burden on the accused to allege and prove primary facts, not inferences, that show, notwithstanding the strong presumption of constitutional regularity in state judicial proceedings that in his prosecution the state so departed from

constitutional requirements as to justify a federal court's intervention to protect the rights of the accused."). Given this presumption of regularity, it is Petitioner's burden to exclude the possibility that the jury found him guilty of possessing a firearm in furtherance of a drug trafficking crime in light of any evidence showing that Petitioner traded drugs in order to obtain guns. Rushen v. Spain, 464 U.S. 114, 125 n.3 (1983) ("the burden of showing essential unfairness [must] be sustained by him who claims such injustice and seeks to have the result set aside, and . . . it must [sic, "must" should be in brackets] be sustained not as a matter of speculation but as a demonstrable reality"); Short v. Shultz, No. 7:08CV00057, 2008 WL 1984262, at *5 n.3 (W.D.Va. May 6, 2008) ("It is true, of course, that the jury rendered a general verdict and did not specify whether Short was guilty under the 'use and carry' prong or the 'possession' prong of § 926(c). But Short has the burden of proving that he is confined in violation of law, and thus I will not presume that the jury found that he used or carried the firearms, rather than that he possessed the firearms in furtherance of the drug trafficking crime."), aff'd, 298 F.App'x 246 (4th Cir. 2008). Petitioner has simply failed to carry his burden to exclude the possibility that the jury found him guilty of possessing a firearm in furtherance of a drug trafficking crime in light of any evidence that he traded drugs in order to obtain guns. Because Petitioner has failed to do so, he is not entitled to proceed via this Section 2241 petition in order to attack the validity of his conviction for Count Thirteen. Jones v. Vacco, 126 F.3d 408, 415 (2d Cir. 1997) ("On a petition for a writ of federal habeas corpus, the petitioner bears the burden of proving by a preponderance of the evidence that his constitutional rights have been violated.").

In fact, Petitioner cannot meet his burden to show that he is actually innocent of Section 924(c) because evidence adduced at trial indicates that Petitioner took a gun and held it as

16

collateral for the eventual payment of money by a buyer of drugs from Petitioner[5] and such acts by Petitioner clearly constitute either "use" or "possession" of a firearm within the contemplation of Section 924(c).  See, e.g., United States v. Cox, 324 F.3d. 77, 84 (2d Cir. 2003) ("Jason Cox, having sold drugs for cash to a buyer who lacked ready money (and whose obligation could not be enforced at law), took the buyer's gun as collateral to secure future payment. Jason Cox thus used the gun as leverage or security to facilitate a future transaction in which he would realize the value of the drugs by relinquishing the gun for cash (or other consideration) to the buyer (or someone else). . . . Thus, the circumstances establish that Cox 'used' the firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)."). See also Winkelman v. Holt, No. No. 4:CV-09-0300, 2009 WL 1314864, at *9 (M.D. Pa. May 8, 2009) ("While the *Watson* case held that a person trading his drugs for firearms did not 'use' a firearm during and in relation to a drug trafficking crime under § 924(c)(1)(A), our Petitioner [i.e., John F. Winkelman, Jr.], as he recognizes (Doc. 2, p. 6), was charged and convicted of not only using a firearm but with carrying and possessing firearms. Since our Petitioner was convicted of using, carrying and possessing firearms in violation of § 924(c)(1), and not simply using a firearm, he cannot now utilize a § 2241 habeas petition. Thus, even if Petitioner was allowed to amend his § 2255 motion to raise a claim under *Watson*, it would not have affected his motion since *Watson* dealt with the 'use' prong of § 924(c)(1)(A), and Petitioner was charged and convicted of the

---

[5]  See ECF No. 4-2 at 32, lines 16 to 21 ("Michael Werts testified that John Winkelman held guns as collateral for him [i.e., Werts] for a gram of cocaine late in '99.  He [i.e., Werts] paid it back and got his – paid him back for it and then got his Springfield .22 rifle.").  We note that "Section 924(c) was amended in November 1998 to prohibit possessing a firearm 'in furtherance of' a drug offense or crime of violence. Pub.L. 105-386, 112 Stat. 3469." Gray-Bey v. U.S., 209 F.3d 986, 898 (7th Cir. 2000).  Thus, in 1999, Petitioner's taking the gun as collateral, as testified to by Werts, would have violated the version of Section 924(c) in effect then.

carrying and possessing prongs of the statute in addition to the 'use' prong.").

Because Petitioner has failed to show that he is actually innocent of the convictions which he challenges and/or he has failed to show that he was incapable of bringing the challenges previously, he fails to show that he comes within the rule of Dorsainvil. Nor do we find that Petitioner's circumstances otherwise justify the recognition of an exception in addition to the narrow Dorsainvil exception, permitting the bringing of a Section 2241 petition, attacking the validity of his convictions. Accordingly, this petition should be dismissed prior to service because it plainly appears from the petition and any attached exhibits that the Petitioner is not entitled to relief within the meaning of Rule 4.

### III. CONCLUSION

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72, the parties are allowed until November 28, 2011, to file written objections to this report. Any party opposing objections may file their response to the objections in accordance with Local Civil Rule 72.D.2. Failure to timely file objections will constitute a waiver of any appellate rights. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

s/ Maureen P. Kelly  
Maureen P. Kelly  
U.S. Magistrate Judge

Dated: November 9, 2011

cc: The Honorable Sean McLaughlin
    United States District Judge

JOHN F. WINKELMAN, JR.
10506-067
MCKEAN
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 8000
BRADFORD, PA 16701