# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN F. WINKELMAN, Jr., ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. 11-159E |
| vs. ) | |
| ) | Judge Sean McLaughlin/ |
| ARCHIE B. LONGLEY, Warden, ) | Magistrate Judge Maureen P. Kelly |
| ) | |
| Respondent. ) | |

## MEMORANDUM ORDER

The above-captioned Section 2241 habeas petition ("the Petition") was filed *pro se* by John F. Winkelman, Jr., a federal prisoner, currently incarcerated at the Federal Correctional Institution – McKean ("FCI-McKean"). Petitioner seeks to attack the validity of his conviction. The case was referred to Magistrate Judge Maureen Kelly in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Civil Rules 72.C and D.

Magistrate Judge Kelly's Report and Recommendation, ECF No. 6, filed on November 9, 2011, recommended that the Petition be dismissed pre-service because it was jurisdictionally improper given that Petitioner failed to show that a Section 2255 motion was inadequate or ineffective to challenge Petitioner's conviction. Petitioner then filed Objections to the Report and Recommendation. ECF No. 7. None of those objections merit rejection of the Report or extended comment.

The Report found that Petitioner could not meet the requirement under In Re Dorsainvil, 119 F.3d 245 (3d Cir. 1997), to show that he had no prior opportunity to demonstrate that Petitioner was actually innocent. The Report based this conclusion in part on the fact that the very same evidence that Petitioner pointed to in his Section 2241 petition to establish his actual

1

innocence was also presented to the United States Court of Appeals for the Third Circuit in his Petition for Leave to File a Second or Successive Section 2255 Motion.[1] ECF No. 6 at 9 to 10. The Court of Appeals rejected Petitioner's request to file a second or successive Section 2255 motion finding that Petitioner's purported newly found evidence did not constitute "previously unavailable factual predicates" within the contemplation of 28 U.S.C. § 2244(b)(2). The Report concluded that given the finding of the Court of Appeals that the so-called new evidence was not "previously unavailable," Petitioner could not show that he had no previous opportunity to present this claim and thus did not satisfy this requirement of Dorsainvil.

In his Objections, Petitioner claims that the Court of Appeals' determination that Petitioner's so called new evidence was not "new" had only decided that the evidence was not new "in the sense[] to permit the Petitioner to file a second or successive § 2255 Motion," ECF No. 7 at 3, citing the Court of Appeals' explanation of "new evidence" in Houck v. Stickman, 625 F.3d 88 (3d Cir. 2010). We understand Petitioner to be arguing that just because evidence has been found to not constitute "previously unavailable factual predicates" within the meaning of Section 2255

---

[1] In order to file a second or successive Section 2255 motion a federal prisoner must petition the appropriate Court of Appeals for leave to do so as specified in 28 U.S.C. § 2255, which provides in relevant part as follows:

> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> >
> > (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

and/or Section 2244, it does not follow that for purposes of Dorsainvil, the evidence could have been previously presented.

We are not persuaded. We agree with the Report's conclusion that if the Court of Appeals found the very same evidence that Petitioner relied upon in the Section 2241 petition, to have not constituted "previously unavailable factual predicates" then the Court of Appeals meant the evidence was in fact "previously available" to Petitioner. In fact, this is exactly how Petitioner understood the Court of Appeals finding. See In re John F. Winkelman, Jr., C.A. No. 11-2055 (3d Cir. Petition for Reh'g filed by Petitioner on 5/31/2011 at p. 5)("A core issue of fact misapprehended by the Court was that the Appellant could have obtained the newly presented evidence at an earlier time"). If such evidence was "previously available" or in Petitioner's words "could have [been] obtained . . . at an earlier time[,]" then we conclude that under the facts of this case, such evidence cannot satisfy the In re Dorsainvil requirement that Petitioner had no prior opportunity to make the showing that he was actually innocent by means of this evidence. In other words, when the Court of Appeals found Petitioner's so called new evidence did not constitute previously unavailable factual predicates, it implicitly found that Petitioner could have obtained the new evidence previously (as Petitioner himself understood the Court of Appeals decision) and thus in effect, found that Petitioner had a prior opportunity to discover and present such. Alternatively, quite apart from the Court of Appeals determination, we find that the evidence Petitioner relies upon simply does not satisfy the Dorsainvil requirement that Petitioner show he had no prior opportunity to raise his actual innocence claim.

Furthermore, we reject Petitioner's argument that we should find Petitioner's so called new evidence of his actual innocence to be "new" so long as it was not presented to the factfinder and that we should not require that the new evidence be actually newly discovered and that it is

3

sufficient so long as it is just newly presented. ECF No. 7 at 3 to 5. Petitioner argues that if we were to require the evidence to be newly discovered and not just newly presented, we would be treating Petitioner unfairly because he is claiming actual innocence and asserting that he had no prior opportunity to bring this claim because his counsel was ineffective for failing to either uncover the very evidence he relies upon or for failing to have presented such evidence at trial.

Again we are not persuaded. Petitioner presented this very same argument to the Court of Appeals in his Petition for Rehearing and apparently that Court was unpersuaded as it did not grant his petition for rehearing. See In re John F. Winkelman, Jr., C.A. No. 11-2055 (3d Cir. Petition for Reh'g filed by Petitioner on 5/31/2011 at pp. 9 to 10) ("The Appellant argued that this Court clearly states that if the evidence was not discovered at trial because trial counsel was ineffective, the evidence may be regarded as new provided that it is the very evidence that the petitioner claims demonstrates his innocence. In Houck v. Stickman, 625 F.3d 88 ([3d Cir.] 2010). . . .").[2] We are no more persuaded than was the Court of Appeals. We reject Petitioner's contention that his ineffective assistance of counsel claim causes him to meet the second Dorsainvil requirement that he had no prior opportunity to present this evidence of his actual innocence.

Next, Petitioner contends that the Report erred in finding that the fact of Marino's incarceration would not have necessarily prevented Petitioner and Marino from conspiring to distribute drugs. The Report's conclusion that Marino's incarceration would not have rendered it

---

[2] Houck v. Stickman, 625 F.3d 88 (3d Cir. 2010), *cert. den.*, 131 SCt. 2878 (May 2, 2011) addressed the issue of whether, for purposes of establishing a gateway claim of actual innocence, a habeas petitioner must present newly discovered evidence or merely newly presented evidence of actual innocence. The Court found that generally the evidence must be newly discovered and not merely newly presented. However, the Court did carve out a narrow exception, explaining that "that if the evidence was not discovered for use at trial because trial counsel was ineffective, the evidence may be regarded as new provided that it is the very evidence that the petitioner claims demonstrates his innocence." Id., at 94.

impossible for Petitioner to have engaged in a conspiracy with Marino was in response to Petitioner's argument that he was actually innocent of the single conspiracy charged which allegedly ran from January 1986 to October 2001. ECF No. 3 at 12 to 22. Petitioner argued in his Section 2241 Petition that the incarceration of Joe Marino in 1991 in Florida necessarily ended any alleged conspiracy that began in 1987 (and that an entirely new conspiracy began sometime in 1996 to 1997 when Kenneth Winkelman returned to this area from Florida). ECF No. 3 at 17 ("To show more clearly that the alleged Conspiracy in the 1987 time frame had ended, the Petitioner offers the fact that Joe Marino went to State Prison in 1991, see Exhibit (3). So there is no one left to continue this alleged conspiracy. . . .").

In his Objections, Petitioner alleges that there is no evidence that Petitioner ever conspired with Marino. This argument was made in response to the Report stating that the so-called newly discovered evidence of Marino's incarceration "does not establish that Petitioner is innocent of conspiring with Marino to distribute narcotics." ECF No. 6 at 10. Even if Petitioner's contention is accurate that there is no evidence that he actually agreed with Marino to distribute narcotics, we understand the Report's statement that the incarceration of Marino did not render it impossible for Marino and Petitioner to have conspired together in a single conspiracy to constitute a conclusion that the mere incarceration of Marino did not render it impossible for Marino to have continued to engage in the distribution of drugs from prison in furtherance of the single conspiracy that Petitioner was found guilty of even if Petitioner did not explicitly agree or conspire with Marino. In other words, even if Petitioner and Marino never met, it would not mean that Petitioner and Marino could not form part of one continuing conspiracy. See United States v. Morris, 46 F.3d 410, 415 (5th Cir. 1995) ("Parties who knowingly participate with core conspirators to achieve a common goal may be members of the overall conspiracy."); United

5

States v. Banks, 10 F.3d 1044, 1054 (4th Cir. 1993) (upholding drug conspiracy conviction on showing of "loosely-knit association of members" with goal to supply particular market, even where members did not know all other members). Either the imprisonment of Marino was relevant to the existence of the conspiracy (as Petitioner seems to contend) or it was not. If relevant, then as the Report concludes, the mere fact of Marino's incarceration in 1991 would not render it impossible for the one ongoing conspiracy lead by Petitioner to have been continued by Marino continuing to participate in some manner in the distribution of drugs even from his prison cell. Alternatively, other members of the conspiracy were not incarcerated and so, Marino's incarceration would not have rendered it impossible for them to further the single conspiracy engaged in by Petitioner and nothing that Petitioner says concerning them renders it impossible for them to have continued the one ongoing conspiracy. Hence, this objection does not merit rejection of the Report.

**AND NOW**, this 13th day of January, 2012;

**IT IS HEREBY ORDERED** that the upon de novo review of the Report and the filings in this case, Petitioner's habeas petition is dismissed.

**IT IS FURTHER ORDERED** that the Report and Recommendation, ECF No. 6, filed on November 9, 2011 by Magistrate Judge Kelly, is adopted as the opinion of the Court as supplemented by this Memorandum Order. Any other pending motions are DENIED as moot.

The Clerk is to mark the case closed.


                                                           s/ Sean J. McLaughlin
                                                           U.S. District Judge

cc:     The Honorable Maureen P. Kelly

United States Magistrate Judge

JOHN F. WINKELMAN, JR.
10506-067
MCKEAN
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 8000
BRADFORD, PA 16701